IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAMES NATHANIEL EVANS, PRO SE, § | | |
| also known as JAMES N. EVANS, § | | |
| TDCJ-CID No. 652108, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:10-CV-0226 | |
| § | | |
| JAMIE BAKER, Warden; § | | |
| MARTHA MAES, Sgt.; and § | | |
| THERESA HENDRICKS, Capt., § | | |
| § | | |
| Defendants. § | | |

**REPORT AND RECOMMENDATION**

Plaintiff JAMES NATHANIEL EVANS, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against six named defendants, and has been granted permission to proceed *in forma pauperis*.

On October 4, 2010, a Report and Recommendation was issued by the United States Magistrate Judge. Plaintiff provided additional information in his Objections and, that Report and Recommendation was subsequently withdrawn. Further, plaintiff submitted a motion for leave to amend, seeking to modify his request for relief, and the motion was granted.

This suit arises out of an August 6, 2009, investigation authorized by defendant Warden BAKER on August 5, 2009, because of a letter received from a woman in the free-world complaining plaintiff had pictures of her she had given to another inmate and that plaintiff was holding them on an extortion demand. Plaintiff alleges his property was confiscated by Safe Prison Sergeant defendant MAES and brought to the Safe Prison office where plaintiff was

questioned by MAES and BAKER on the accusation of extortion. Plaintiff was then placed in pre-hearing detention and his property was examined for ownership. Plaintiff declares he never "knowingly" accepted another inmate's property, but admits he had some property in his possession which did not belong to him.

Plaintiff says he was given a confiscation sheet by defendant MAES on August 6, 2009, listing the property taken, a form Prop-8, but that the list did not include all the property which was confiscated. Plaintiff states the next day he was notified of a major disciplinary case for extortion and contraband, including a list of the contraband items, and that he pled not guilty to extortion but pled guilty to contraband.

Plaintiff sues defendant HENDRICKS, the disciplinary hearing officer, on allegations of failure to provide due process at the disciplinary hearing.

Plaintiff sues defendant MAES for the failure to return various items of his property.

By his Amended Complaint, plaintiff changed his request for relief, deleting a request for return of goodtime, and retaining his requests that his disciplinary case be expunged from his records, and that he be awarded compensatory, punitive, and nominal damages from each defendant.

**JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

2

immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

## THE LAW AND ANALYSIS

Citing *Muhammad v. Close*, 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004), plaintiff argues, in part, that his claims are not barred by the favorable termination requirement of *Heck v. Humphrey*[3] because he is not eligible for mandatory supervised release and a favorable resolution of his claims will not necessarily entitle him to an accelerated release date.

Unlike the prisoner in *Muhammad*, plaintiff requests that the case be expunged from his record; therefore, he is challenging the result of the disciplinary hearing. Moreover, plaintiff is not asserting a claim which is tangential to the disciplinary hearing, but directly challenges the due process received in connection with that hearing. Plaintiff's claims do not fall within the ambit of *Muhammad*.

---

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

[3]*Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

Accepting plaintiff's representation that he is not eligible for mandatory supervised release, plaintiff's claim against defendant HENDRICKS for violation of due process is frivolous. Further, plaintiff has failed to state a claim of any sort against defendant BAKER.

To state a claim upon which relief may be granted, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007).

Plaintiff has alleged no fact showing that, by authorizing an investigation into the extortion complaint against plaintiff and participating in plaintiff's questioning, defendant Warden BAKER violated any of plaintiff's civil rights. Further, to the extent plaintiff seeks to hold BAKER liable for any act or omission of the remaining defendants, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). Consequently, plaintiff's allegations against this defendant fail to state a claim on which relief can be granted.

Plaintiff's claims against defendant HENDRICKS lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The due process clause "does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *See Sandin v, Conner,* 515 U.S. 472, 478, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Texas law provides that good conduct time is a

privilege, not a right; and the sole purpose of good time credits is to accelerate an inmate's eligibility for release on parole or mandatory supervision. Tex. Gov't Code § 498.003(a). In Texas, only sanctions which result in the loss of goodtime credits for inmates who are eligible for release on mandatory supervision or which otherwise directly and adversely affect release on mandatory supervision will infringe upon a liberty interest. If, as he states, plaintiff is not eligible for mandatory supervised release, the loss of good time resulting from the challenged disciplinary proceeding serves only to affect plaintiff's possible release on parole. In Texas, inmates have no constitutional right to release on parole. *Creel v. Keene*, 928 F2d 707, 708-09 (5th Cir. 1991); *Allison v. Kyle*, 66 F.2d 71, 74 (5th Cir. 1995). Plaintiff's loss of good time does not affect a constitutionally protected right as it impacts only plaintiff's hope of release on parole. Further, plaintiff's other punishments also fail to implicate due process concerns. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (effect of change in inmate's goodtime-earning status upon timing of his release on mandatory supervision too speculative to afford him a constitutionally cognizable "right" to a particular time-earning status); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) (forty-five days of commissary and cell restrictions do not implicate due process concerns); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (loss of opportunity to earn goodtime credits, which might lead to earlier parole, too attenuated to create a liberty interest).

Because plaintiff has no constitutionally cognizable liberty interest in his disciplinary hearing, he has no federally protected due process rights in connection with that hearing. Plaintiff's claims in this regard lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Regarding the confiscation of property, plaintiff argues the search and confiscation of his personal property were authorized by defendant BAKER under Administrative Directive 03.72. The confiscation of a prisoner's property under authority of a prison administrative directive is not a random, unauthorized act for purposes of the *Parratt/Hudson* doctrine, thus the existence of an adequate state post-deprivation remedy does not preclude a § 1983 claim for violation of due process. *Allen v. Thomas,* 388 F.3d 147, 149 (5th Cir.2004).

As to the typewriter and ribbon, both items were clearly listed as contraband on the Prop-08 form titled Disposition of Confiscated Offender Property and on the offense description of the disciplinary notice[4] given to plaintiff August 7, 2009. Each was sufficient to give plaintiff ample notice that officials considered these items to be contraband and were going to confiscate them. Further, plaintiff received a disciplinary hearing and has informed the Court he pled guilty to the charge of contraband. Plaintiff received all the process which he argues he was entitled to with regard to the typewriter and ribbon.

Plaintiff argues that, because the State had the power to control the challenged deprivation, it was obligated to give plaintiff a hearing on all the items.

Plaintiff is not correct. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In deciding the amount of kind of process required, the Court must consider three factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards; and (3) the state's

---

[4]These forms are attached to plaintiff's Memorandum of Law" submitted with his complaint and which contains the facts surrounding plaintiff's claims.

interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail. *Allen v. Thomas,* No. H-02-3132, 2005 WL 2076033 at *9 (S.D.Tex. Aug.26, 2005) (citing *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).

Due process is satisfied when the plaintiff is afforded ample notice and sufficient opportunity to object to the confiscation of his property, such as by way of the prison grievance system. *Allen v. Thomas,* No. H-02-3132, 2005 WL 2076033 at *9 (S.D.Tex. Aug.26, 2005). Post-deprivation proceedings such as TDCJ's grievance procedures are adequate to satisfy the Due Process Clause with respect to confiscation of property pursuant to prison regulations. *McQueen v. Vance*, 68 F.3d 471, 1995 WL 581861, *1 (5th Cir. Sept. 20, 1995) (unpublished) (citing *McBride v. Collins*, No. 93-7468, slip op. at 3 (5th Cir. Jan. 19, 1994) (unpublished); *Allen v. Thomas,* No. H-02-3132, 2005 WL 2076033 at *9 (S.D.Tex. Aug.26, 2005).

The remaining items of which plaintiff complains are headphones, shampoo and body wash, ten stamps, a "speed stick", two cups, ten envelopes, and a lock and key[5]. The two grievances, nos. 2009215320 and 2010013843, plaintiff attached to his Memorandum of Law, submitted with his original complaint, demonstrate plaintiff grieved these items, noting they had been confiscated as contraband or had been lost or stolen. See, Step 1 grievance no. 2009215320. Further, on his Step 1 grievance no. 2010013843, plaintiff states his "headphones and other items were inventory [sic]" but were not returned with his other property. Plaintiff was informed in the Step 1 responses to both grievances the unreturned property had been determined to be contraband. Plaintiff challenged that determination at Step 2 and was denied.

---

[5]Plaintiff complains of some "appliances," but states they were returned to him on September 9, 2009. Further, plaintiff was on property restriction until September 24, 2009.

The Court has considered the factors set forth in *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and notes that even relatively insignificant personal property is still of some importance to a prisoner. Nevertheless, plaintiff has not alleged any fact which indicates the risk of an erroneous deprivation would be significantly minimized with additional procedural safeguards; whether or not an item is contraband turns on simple observation and property records, not credibility determinations. Lastly, plaintiff has not alleged any fact showing any advantage of additional opportunities to challenge the decision of prison officials would not be outweighed by the fiscal and administrative burdens that the additional or substitute procedural requirements would entail. *Allen v. Thomas,* No. H-02-3132, 2005 WL 2076033 at *9 (S.D.Tex. Aug.26, 2005) (citing *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).

Regarding the remaining unreturned property, it is clear the grievance system afforded plaintiff notice of the reason for the confiscation and sufficient opportunity to object to the confiscation of his property, as well as to appeal the decision on his objection. *Allen v. Thomas,* No. H-02-3132, 2005 WL 2076033 at *9 (S.D.Tex. Aug.26, 2005). Plaintiff's right to due process was satisfied.

To the extent plaintiff is complaining because some pieces of property, such as his appliances, which were returned to him within two or three weeks of confiscation, were not listed on the correct forms, plaintiff's claim lacks an arguable basis in law and is frivolous. In the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), plaintiff has no "created liberty interest of the regulations of Texas Department of Criminal Justice-Institutional Division." The mere allegation that prison policies were not followed does not state

a claim. *See Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir.1996) (*per curiam*) (TDCJ-CID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimal constitutional requirements are met). The failure of an officer to follow agency procedural regulations or even the relevant state law is not, without more, a constitutional violation, because the relevant constitutional minima may nevertheless have been satisfied. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).

Lastly, plaintiff may be arguing defendant MAES violated his rights when she noted some items were contraband and arranged for their confiscation, even though they did not appear to belong to the inmate plaintiff was accused of extorting. Plaintiff has pointed to no constitutional basis for this claim, and is asserting a right which does not exist. Any such claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the recommendation of the Magistrate Jude to the United States District Judge that the Civil Rights Claim filed pursuant to Title 42, United States Code, Section 1983, by plaintiff JAMES NATHANIEL EVANS be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND

WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 25th day of October 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).