IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2011 FEB 17 PM 1: 33

DEPUTY CLERK _____

| | | |
|---|---|---|
| JAMES NATHANIEL EVANS, PRO SE, | § | |
| also known as JAMES N. EVANS, | § | |
| TDCJ-CID No. 652108, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:10-CV-0226 |
| | § | |
| JAMIE BAKER, Warden; | § | |
| MARTHA MAES, Sgt.; and | § | |
| THERESA HENDRICKS, Capt., | § | |
| | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

Plaintiff JAMES NATHANIEL EVANS, while a prisoner confined in the Texas

Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42,

United States Code, section 1983 complaining against the above-named defendants, and has been

granted permission to proceed *in forma pauperis*.

On October 25, 2010, a Report and Recommendation was issued by the United States

Magistrate Judge recommending the instant cause be dismissed with prejudice as frivolous and

without prejudice for failure to state a claim on which relief can be granted.

Plaintiff filed his Objections on November 5, 2010.

Plaintiff's claims involve, in part, a due process challenge to the determination of guilt in

plaintiff disciplinary hearing on extortion and possession of contraband. The resulting

punishment, as shown on the disciplinary hearing report submitted by plaintiff[1], was a loss of 30

---

[1] Exhibit 4 to plaintiff's Memorandum of Law submitted with his September 24, 2010 Complaint.

days goodtime credits, a temporary loss of privileges, 15 days confinement in solitary, a verbal reprimand, and a reduction in class from L1 to L3.

Plaintiff relies on *Muhammad v. Close*[2], 540 U.S. 749, 124, S.Ct. 1303, 158 L.Ed.2d 32 (2004) for the proposition that he is not bound by the *Heck*[3]/*Edwards*[4] requirement of a prior showing of favorable termination for a civil rights action attacking a disciplinary determination. Plaintiff's reliance on Muhammad is misplaced as the plaintiff in Muhammad did not request expunction of the disciplinary case from his record and the claims he raised were tangential to his disciplinary case. He claimed the charging officer overcharged him and subjected him to mandatory prehearing lock-up in retaliation for prior lawsuits and grievances. Further, no loss of goodtime was involved in the incident on which plaintiff's claim was based. Plaintiff EVANS expressly requests expunction of the challenged disciplinary case, which resulted in the loss of 30 days' goodtime, and his claims attack the validity of the disciplinary determination.

Initially, plaintiff had also requested a restoration of his lost goodtime credits; however, upon receipt of the Magistrate Judge's October 4, 2010 Report and Recommendation[5] noting the effect of this relief, plaintiff amended his complaint to delete a request for restoration of goodtime. Nevertheless, plaintiff retained his request that the disciplinary case be expunged from his records. Because expunction of the disciplinary case could be awarded only after a

_____

[2]See plaintiff's November 5, 2010 Objections at page 2.

[3]*Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

[4]*Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997)(applying the Heck requirement of favorable termination to claim for monetary damages on due process claim with respect to prison disciplinary hearing).

[5]Upon receipt of plaintiff's amended complaint, the October 4, 2010 Report and Recommendation was withdrawn on October 25th and a second Report and Recommendation, which is the subject of plaintiff's November 5, 2010 Objections, issued that same date.

determination that the result of the disciplinary hearing was invalid, expunction would be tantamount to an award o the confiscated goodtime. Therefore, plaintiff's amended relief does not provide a basis for excusing his claim from the operation of *Heck/Edwards*.

Plaintiff also argues[6] that, in any event, he is not eligible for mandatory supervised release and, therefore, any goodtime he accumulates or loses does not affect the length of his confinement. This circumstance, plaintiff argues, also exempts him from *Heck/Edwards*.

Accepting plaintiff's representation that the accumulation or confiscation of goodtime credits will not impact the duration of his confinement[7], the Court will also accept, without deciding, that he has succeeded in stating a claim which is exempt from the *Heck/Edwards* mandate to plead prior favorable termination through administrative appeal, habeas, etc.

Plaintiff's argument only gains him the right to assert a frivolous claim, one without arguable legal basis. Plaintiff's due process claims are based on his contention that the loss of good-time credits entitled him to the rights enumerated in *Wolff v. McDonnell*, 418 U.S. 538, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1973)[8]. The Supreme Court has since narrowed an inmate's federally protected liberty interest stating disciplinary restrictions which change the conditions of an inmate's confinement do not implicate due process protection unless they impose "atypical

---

[6]See page 3 of plaintiff's November 5, 2010 Objections.

[7]Texas law provides that good conduct time is a privilege, not a right; and the sole purpose of good time credits is to accelerate an inmate's eligibility for release on parole or mandatory supervision. Tex. Gov't Code § 498.003(a). In Texas, only sanctions which result in the loss of goodtime credits for inmates who are eligible for release on mandatory supervision or which otherwise directly and adversely affect release on mandatory supervision will infringe upon a liberty interest. If, as he states, plaintiff is not eligible for mandatory supervised release, the loss of good time resulting from the challenged disciplinary proceeding serves only to affect plaintiff's possible release on parole. In Texas, inmates have no constitutional right to release on parole. *Creel v. Keene*, 928 F2d 707, 708-09 (5th Cir. 1991); *Allison v. Kyle*, 66 F.2d 71, 74 (5th Cir. 1995).

[8]See page 4 of plaintiff's November 5, 2010 Objections.

and significant hardships in relation to the incidents of ordinary prison life." *Sandin v, Conner,* 515 U.S. 472, 478, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

In an attempt to show the necessary "atypical and significant hardship in relation to the incidents of ordinary prison life," plaintiff argues[9] the record shows he was placed in High Security. Plaintiff is incorrect. The Disciplinary Hearing Report, which is the record of the challenged disciplinary hearing, shows plaintiff received only the punishment earlier discussed: the loss of 30 days goodtime credits, a temporary loss of privileges, 15 days solitary confinement, a verbal reprimand, and a reduction in class-earning status from L1 to L3. While plaintiff may have later been transferred to High Security, that change was not a punishment for his disciplinary infraction, even if it was a collateral result.

As shown above, plaintiff's due process claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's October 25, 2010 Report and Recommendation, as well as the Objections filed by the plaintiff.

The Court is of the opinion that the objections of the plaintiff should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court, as amended and supplemented herein.

---

[9]See page 4 of plaintiff's November 5, 2010 Objections.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge, as amended and supplemented herein.

IT IS THEREFORE ORDERED that the Civil Rights Complaint by JAMES NATHANIEL EVANS is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the ___17th___ day of February, 2011.

MARY LOU ROBINSON
United States District Judge